IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANNA McCULLOUGH,                                              OPINION and
                                                              ORDER
          Plaintiff,
                                                              06-C-0658-C
    v.

JAMES M. LINDBLADE, M.D.,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this civil action for monetary relief brought under Wisconsin law, plaintiff Anna McCullough contends that defendant James Lindblade committed medical malpractice when he failed to diagnose a lump in her breast as cancerous. Diversity jurisdiction is present under 28 U.S.C. § 1332. Now before the court are two motions: defendant's motion for summary judgment and plaintiff's motion to strike defendant's motion for summary judgment.

      Plaintiff's motion to strike defendant's motion for summary judgment will be denied. Plaintiff bases her motion on the assertion that because defendant failed to serve her with the summary judgment pleadings by the deadline established by this court, plaintiff did not learn of defendant's motion for summary judgment until July 13, 2007, one week after the

1

filing deadline. Plaintiff has not alleged she suffered prejudicial harm as a result of defendant's failure to serve the summary judgment pleadings within the time allowed by the court. She never filed a motion for an extension of time to file a response to defendant's motion for summary judgment as she could have done had she believed she was prejudiced by the late discovery of defendant's motion for summary judgment. Motions to strike are granted only in extreme circumstances where real prejudicial harm to the moving party is shown; plaintiff has shown no prejudice. 5A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure Civil 2d § 1382, at 690-92 (1990) (citations omitted); Armstrong v. Snyder, 103 F.R.D. 96, 100 (E.D. Wis. 1984). Therefore, her motion to strike will be denied.

Next, defendant argues that he is entitled to summary judgment because plaintiff failed to file a timely notice of claim. Under Wisconsin law, a plaintiff bringing a claim to recover damages for medical malpractice against a state employee must serve the Wisconsin Attorney General with a notice of claim within 180 days of discovering her injury or the date on which, in the exercise of reasonable diligence, the injury should have been discovered. Plaintiff served her notice of claim on October 11, 2005. Because I find as a matter of law that the plaintiff discovered her injury less than 180 days before filing her claim, defendant's motion for summary judgment will be denied.

The facts of this case are straightforward and largely undisputed. Where those

2

proposed findings of fact and responses constituted legal conclusions, were argumentive or irrelevant or were not supported by the cited evidence, I have simply disregarded them. From the parties' proposed findings of fact, I find the following facts to be material and undisputed.

FACTS

A. Parties

Plaintiff is a citizen of the state of Indiana. Plaintiff sought medical care through the Women's Clinic of University Health Services while attending the University of Wisconsin-Madison.

Defendant is a citizen of the state of Wisconsin. At all relevant times to the dispute, defendant was a physician employed by the state of Wisconsin to provide health services to students through the Women's Clinic of University Health Services. Defendant provided health services to plaintiff at the Women's Clinic of University Health Services on three occasions including October 17, 2003, September 30, 2004 and March 30, 2005.

B. Medical Care

Plaintiff first complained to defendant of a lump in her left breast on October 17, 2003. Defendant informed plaintiff that the lump was cystic tissue and did not order

3

further diagnostic tests. Plaintiff complained again to defendant of a lump in her left breast at her next appointment on September 30, 2004. At this appointment, defendant explained that the lump was cystic tissue and the result of plaintiff's protruding rib cage. Again, defendant ordered no diagnostic tests.

Plaintiff saw defendant for a third and final time on March 30, 2005. Again, plaintiff complained of a lump in her left breast and defendant examined it. On the basis of the examination, defendant referred plaintiff to the Women's Clinic at UW Hospital for a bioposy. On April 7, 2005, a nurse practitioner telephoned plaintiff and told her the biopsy results were positive for cancer. Plaintiff learned the extent of the cancer when a lumpectomy was performed on April 29, 2005.

Plaintiff began treatment with Dr. Sledge, an oncologist practicing in Indianapolis, Indiana, in late June 2005. During an appointment in July 2005, plaintiff asked Dr. Sledge whether a cyst could become cancer. Dr. Sledge responded that a cyst cannot become cancer.

### C. Notice of Claim

Plaintiff served a notice of claim on the Wisconsin Attorney General's Office by certified mail on October 11, 2005, alleging that defendant negligently failed to diagnose her with breast cancer on October 17, 2003, and September 30, 2004.

OPINION

The sole issue before the court is whether plaintiff's notice of claim, delivered to the Wisconsin Attorney General's Office on October 11, 2005, satisfied the timeliness requirement of § 893.82 of the Wisconsin statutes. Section 893.82 requires a plaintiff pursuing a medical malpractice claim against a state employee to serve written notice on the Attorney General within "180 days after discovery of the injury or the date on which, in the exercise of reasonable diligence, the injury should have been discovered." Wis. Stat. § 893.82(3) and (5m). Plaintiff's notice was timely unless the 180-day time period began before April 14, 2005.

The purpose of a notice of claim statute is to allow government units to investigate claims against employees while the alleged events are fresh, avoid needless litigation and settle reasonable claims. Rouse v. Theda Clark Medical Center, 2007 WI 87, ¶ 19, _Wis. 2d _, 735 N.W.2d 30, 37; Wis. Stat. § 893.82(1). The legislature extended the general notice of claim period for medical malpractice claims, thereby acknowledging concerns specific to medical malpractice plaintiffs, such as allowing a patient adequate time to discover the injury, obtaining health records and seeking a professional opinion on the adequacy of treatment. West v. Macht, 235 F. Supp. 2d 966, 972 (E.D. Wis. 2002). The notice period for medical malpractice claims was extended in two ways. First, the number of days was increased from 120 to 180. Second, the event triggering the notice period was

5

changed from the "event causing the injury" to the "discovery of the injury."

Contrary to defendant's assertion that plaintiff concedes she suffered an injury when Dr. Lindblade failed to diagnose her cancer, plaintiff argues that her injury is the extensive treatment she underwent as a result of defendant's failure to diagnose the cancer at an earlier time when treatment could have been less extensive. To put it another way, plaintiff contends that her injury is that defendant's misdiagnosis of her cancer allowed it to develop in a manner that affected her prognosis and worsened her course of treatment. Furthermore, plaintiff rejects defendant's argument that the misdiagnosis was the injury. In support she cites Paul v. Skemp, 2001 WI 42, 242 Wis. 2d 507, 625 N.W.2d 860, in which the Wisconsin Supreme Court held that a misdiagnosis in and of itself is not an actionable injury. Plt's. Response. Br., dkt #25, at 4.

In Skemp, the Wisconsin Supreme Court interpreted "injury" in determining when the statute of limitations was triggered in a medical malpractice case in which a medical provider failed to diagnose a condition. 2001 WI 42, ¶ 12. The court rejected the argument that an "injury" occurs when a patient is misdiagnosed. Id., ¶ 34 (overruling Koschnik v. Smejkal, 96 Wis. 2d 145, 291 N.W.2d 574 (1980), and Webb v. Ocularra Holding, Inc., 2000 WI App 25, 232 Wis. 2d 495, 606 N.W.2d 552 (1999) to the extent the cases held that a misdiagnosis is an actionable injury). Instead, it held that the injury arose when the misdiagnosis caused greater harm than existed at the time of the misdiagnosis. Id., ¶ 25

6

("[T]he misdiagnosis is the negligent omission, not the injury. The actionable injury arises when the misdiagnosis causes a greater harm than existed at the time of the misdiagnosis."). It is the injury or the discovery of the injury resulting from the negligent omission that triggers the statute of limitations. Id.

In deciding Skemp, the Wisconsin Supreme Court was persuaded by the reasoning in a Virginia case, St. George v. Pariser, 253 Va. 239, 484 S.E.2d 888 (1997). Id., ¶ 25. This is not the first time the court has followed the guidance and reasoning of the Virginia Supreme Court in a medical malpractice case. Id., n.5. In St. George, a doctor diagnosed a mole as benign. Two years later, he diagnosed the same mole as cancerous, at which time the cancer had become potentially fatal. Id., ¶ 22. The Virginia Supreme Court held that, because every misdiagnosis case involves a patient that has some type of medical condition when the doctor is consulted, the actionable injury "is not the original detrimental condition; it is the injury which later occurs because of the misdiagnosis and failure to treat." St. George, 484 S.E.2d. at 891. Therefore, the injury was not the "generic disease of cancer" because the cancer existed both before and after the alleged misdiagnosis. Skemp, ¶ 23 (quoting St. George, 484 S.E.2d at 891). Instead, the injury was the change in the condition of her melanoma from biologically benign to malignant. St. George, 484 S.E.2d at 891. Relying on evidence establishing that the melanoma had changed character and worsened within the statute of limitations period, the court held that the action survived a statute of

7

limitations challenge.  Id.

The facts in this case are similar to St. George, in that defendant failed to diagnose plaintiff's cancer.  Unlike the facts of St. George, however, there is no evidence before the court to show when or whether plaintiff's cancer worsenened since the time of the misdiagnosis.  A change may have occurred shortly after plaintiff's visit in 2003, it may have occurred over the next year and half, it may be that plaintiff's cancer condition did not worsen between 2003 and 2005.  Plaintiff's injury has not been established and is not ascertainable from the record.

Again, the only question before the court is whether plaintiff filed her notice of claim within 180 days of discovering her injury.  Although Skemp involved the statute of limitations in medical malpractice cases and not the notice of claim statute, the wording of the statute of limitations discovery rule and the notice of claim statute for medical malpractice actions are identical in that both periods are triggered, "after the discovery of the injury or the date on which, in the exercise of reasonable diligence, the injury should have been discovered."  Compare Wis. Stat. § 893.55(1)(b) and Wis. Stat. § 893.82(5m). There is no reason to believe the Wisconsin Supreme Court would not interpret the words of the notice of claim statute in the same manner it has interpreted the statute of limitations.

Therefore, under the notice of claim statute, discovery occurs when plaintiff has information that would give a reasonable person notice of the injury, that is, the greater

8

harm caused by the misdiagnosis.  Claypool v Levin, 209 Wis. 2d 284, 300, 562 N.W.2d 584,590 (1997)(quoting Clark v. Erdmann, 161 Wis. 2d 428, 448, 468 N.W2d 18, 25 (1991)).

Defendant argues that plaintiff discovered her injury on April 7, 2005 when plaintiff learned she had cancer and knew defendant had previously misdiagnosed it.  However, as discussed above, neither the generic disease of cancer nor the misdiagnosis is the plaintiff's injury.  Rather, the notice period began when plaintiff had information that would constitute the basis for an objective belief that the cancer had worsened since the misdiagnosis.  The earliest plaintiff could have acquired such information was April 29, 2005, when she had a lumpectomy and learned the extent of her cancer.  Although she learned on April 7 that she had cancer, she could not have known before April 29 that she had suffered a greater harm because of defendant's misdiagnosis.  Therefore, I find as a matter of law that because plaintiff did not discover her injury more than 180 days before serving her notice of claim to the Attorney General for the State of Wisconsin, the notice was timely.

I make no determinations regarding the merits of plaintiff's claims.  The plaintiff bears the burden of establishing the elements, including her injury, of her claims at trial.

ORDER

IT IS ORDERED that

1. Plaintiff Anna McCullough's motion to strike defendant James Lindblade's

motion for summary judgment is DENIED.

    2.   Defendant's motion for summary judgment is DENIED.

Entered this 12th day of October, 2007.

                                          BY THE COURT:
                                          /s/
                                          BARBARA B. CRABB
                                          District Judge